JOS. WALTER SMITH, Infant, by Next Friend, *vs.*
THE BALTIMORE AND OHIO RAILROAD COM-
PANY.

*Benefit Societies—Insurance—False Statement in Application for Mem-*
*bership—Beneficiary.*

When it is agreed that the statements contained in an application for
membership in a Relief Association shall constitute a warranty and
their truth a condition of payment, then a statement by the applicant
that he was married to the person named as beneficiary when in fact
he was not, vitiates the contract of insurance and defeats the right of
any one to recover thereon.

When a certain person is named as the beneficiary in the insurance
contract of a Relief Association, only that person has a right to sue
thereon.

The Relief Department of the defendant company makes payments to
members disabled by injury, or to their families in the event of death.
The person named as beneficiary in the contract was required to be
the wife or relation of the party insured. Membership in the Asso-
ciation was obligatory upon certain classes of defendant's employees
as a condition of employment, and voluntary with other classes. The
truth of the statements contained in the application for membership
was made by the contract a warranty and condition of the payment
of benefits. S., the father of the plaintiff, was divorced *a vinculo*
from plaintiff's mother under a decree prohibiting his re-marriage
during her life. He became a member of the Association, falsely
stating in his application that the beneficiary therein named was his
wife. Upon the death of S. the plaintiff, his son, sued to recover the
death benefit. *Held*,

1st. That plaintiff was not entitled to recover, because the false state-
ment in the application avoided the contract, and also because the
plaintiff, not being named as beneficiary, could not maintain the
action.

2nd. That even if the deceased was obliged, as a condition of employ-
ment by the defendant, to become a member of the Association he
was not thereby relieved from the obligation to state the facts truth-
fully in his application.

. Appeal from a judgment of the Court of Common Pleas
(Harlan, C. J.), sustaining a demurrer to plaintiff's decla-
ration. The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE and ROBERTS, JJ.

*Alfred Hughes* (with whom was *Thomas Hughes* on the brief), for the appellant.

*Geo. Dobbin Penniman* (with whom was *John K. Cowen* on the brief), for the appellee.

PAGE, J., delivered the opinion of the Court.

The declaration in this case alleges that Philemon James Smith, employed in the service of the B. & O. R. R. Co., entered into an agreement with that company, whereby he was received into membership in " The Relief Feature for natural death benefit " of the company ; that by this agreement, in consideration of the payment by the said Smith of certain dues, said Railroad Company, upon the death of said Smith, was to pay to a beneficiary or beneficiaries named in the application for membership of the said Smith, in the event of his death, the sum of one thousand dollars, leaving or permitting the said Smith to name said beneficiary, with the restriction, however, that if he should be married, it must be to his wife or children, or if he be single, in the sense of not having been married, and having no children, it must be his father or mother, or the survivor, and that no one could be entitled as a beneficiary who was not the widow or a relation not more remote than a first cousin, or if no such beneficiary should be named or should be living at the time of the member's decease, then the death benefit was to be paid to the party or parties who were next of kin, as determined by the laws of the State of Maryland. That said Smith was married to the mother of this plaintiff, from whom she was divorced *a vinculo matrimonii*, by a decree of the Circuit Court for Frederick County, in Equity, with the statutory restriction prohibiting the said Smith from subsequently marrying during the lifetime of the plaintiff's mother, who is still living. That said Smith named as beneficiary, to receive said benefit, a certain party *untruthfully*

alleged by him in his said application to be his wife. That said Smith was not single in the sense provided for by the contract entered into between the said company and the said Smith." The *narr* further alleges, that all payments to entitle the next of kin, &c., were made; that the plaintiff is the only child and next of kin of the said Smith (who died on the 12th April, 1891), he being the child of the said Smith and of his wife to whom said Smith had been married, and is therefore entitled to claim the said benefit. The defendant demurred; the Court sustained the demurrer, and on entering its judgment the plaintiff appealed. At the hearing below, it was agreed between the parties "that the regulations governing the Relief Department of the Baltimore and Ohio Railroad Company shall be filed as a part of the declaration as a whole."

The "Relief Feature" of the "Relief Department of the B. & O. R. R. Co.," as appears from the regulations, has for its objects the "relief to its members entitled thereto when they are disabled by injury or sickness, and to their families in the event of their death." Membership is voluntary to certain specified classes, but obligatory upon all others in the service, "as a condition of employment or advancement." To entitle an employee to participate in the relief afforded by the "Relief feature," he must execute an application in one of the forms prescribed in the regulations, and pass a satisfactory medical examination; and this application, when accepted by the superintendent, constitutes a contract of employment. One of the provisions of the application is as follows: "I understand and agree, that this application, when accepted by the superintendent, shall constitute a contract between me and the said company, by which my rights as a member of the Relief Feature and as an employe of said company, shall be determined as to all matters within its scope; that each of the statements herein contained, and each of my answers to the questions asked by the medical examiner and hereto annexed, shall constitute a warranty by me, the truth whereof shall be a condition of payment of

the benefits aforesaid." In the event of death, the sum due for " death benefits " is to be paid to a person named in the application or to whomever the employe may from time to time designate in writing by way of substitution, with the written consent of the superintendent, or if no beneficiary named be then living, to his next of kin; all, however, subject to Regulation 18, which provides that the " beneficiary or beneficiaries named in any application for full membership, if the applicant be named, must be his wife, or his wife and children. If he be single, the beneficiaries must be his father and mother or the survivor. No application will be accepted which does not comply with these requirements, unless the superintendent waive the same for reasons satisfactory to him, &c."

It will be thus seen that the application is the contract between the parties, and as such forms the only foundation for the action against the company. According to its terms it was agreed that each of the statements therein contained " shall constitute a warranty," " the truth whereof shall be a condition of payment of the benefit." The *narr* alleges that Smith named as the beneficiary "a certain party, untruthfully alleged by him to be his wife." This false statement, so manifestly material, in view of the warranty of its truth, and the agreement that its truth shall be a condition of payment, vitiates the agreement, and thereby defeats the right of any one to recover upon it. *Bliss on Life Ins.*, sec. 42 ; *Burnett* v. *Saratoga M. F. Ins. Co.*, 5 Hill, 188 ; *Anderson* v. *Fitzgerald*, 24 Eng. L. & Eq. 5 ; *Campbell* v. *N. E. M. S. Ins. Co.*, 98 Mass. 381 ; *Sup. Council of Am. Legion of H.* v. *Green*, 71 Md. 268.

Apart from this, however, the plaintiff not having been named as the beneficiary, is not the proper person to sue. Only the person named has this right. *Bliss on Life Ins.*, sec. 318 ; *Niblack on M. Benefit Socs.*, sec 301, and authorities there cited.

The appellant contends, that in this case these principles do not apply, because the contract is one which the insured

was obliged and required to enter into with the company. There is nothing in the *narr* to indicate that Smith did not belong to the class of employes with whom membership in the " Relief Feature " was voluntary. And even if there was, we would then be unable to say that his becoming a member could be regarded as an involuntary act on his part. If he was not in the excepted classes, he was required, as a condition of employment, to become a member. But the service itself was voluntary. If he entered into it, he must become a member, but there was no compulsion in reference to it. Certainly there is nothing in the fact that membership was a condition of employment, that could operate to relieve him from the obligation to be truthful, or if he has, in fact, made false statements, that should relieve him from that clause in his contract, in which he expressly stipulated that " each statement shall constitute a warranty, the truth whereof shall be a condition of payment of the benefit."

*Judgment affirmed.*

(Decided June 18th, 1895.)

