# Rosina B. Wolpert *v.* Grand Lodge Knights of Birmingham, Appellant.

*Beneficial relief association—Right of member to designate beneficiary.*

A member of a beneficial society may designate to whom a death benefit shall be paid, there being no prohibitory or restrictive language excluding from the power of the corporation the right to contract especially with the member for the payment of benefits to other persons than his widow and children.

*Statutes—Construction—Prospective operations.*

A statute should be interpreted so as to operate prospectively only unless the language is so clear as to preclude all question as to the intentions of the legislature.

The act of April 6, 1893, P. L. 7, does not affect a designation of a benefit fund made prior to its passage which was in itself legitimate and proper prior to its passage.

Argued Oct. 7, 1896. Appeal, No. 57, Nov. T., 1896, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1894, No. 816, in favor of plaintiff, on case stated. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Case stated as to distribution of a benefit fund.

The action in the court below was assumpsit, begun by Rosina B. Wolpert, wife of Gustav F. Wolpert, deceased, to recover the balance of a benefit fund alleged to be due her from the defendant society. Gustav F. Wolpert became a member of Continental Lodge No. 20, Knights of Birmingham, on July 19, 1887, and was a member in good standing at the date of his death, August 24, 1894. A benefit of $1,000 was an incident of membership in said society and, upon the decease of a member, became duly payable, by the provisions of the charter and by-laws of said society, to the person or persons entitled to receive the same, article 19 of the by-laws providing as follows, to wit: " The fund collected in accordance with articles 16 and 18 shall be paid to such person or persons as the deceased may have designated to receive the same, as appears on the books of the lodge of which he was a member ; if no designation has been made, then to his widow ; if no widow survives, then to his child or children ; in default of the foregoing, then to his legal representative."

Gustav F. Wolpert prior to and at the time of his death had been in the retail liquor business and in the conduct of the same had become indebted to Wm. A. Hentz & Co. in the amount of $503.24, being the amount due and owing at the time of the designation on the books of the society in favor of the said firm of Wm. A. Hentz & Co. In addition to the above amount Wm. A. Hentz & Co. furnished the said Gustav F. Wolpert, between the date of the above designation and his death, liquors to the value of $85.18, as well as paying the assessments on the benefit fund to the amount of $49.50 ; making the total claim of Wm. A. Hentz & Co. upon the benefit fund of Gustav F. Wolpert $637.92. The defense admitted a balance of $362.08 to which no claim was made by Wm. A. Hentz & Co., and upon rule for judgment for the amount admitted in the affidavit of defense, which was made absolute, the above balance of $362.08 was paid to the plaintiff below. The plaintiff admitted receiving this balance of $362.08 and further agreed that the amount of $49.50, being the premiums paid by Wm. A. Hentz & Co., be allowed out of the said $1,000. The plaintiff contended that she was entitled to $588.42 in addition to the amount, $362.08, admitted by the defendant as due and paid

said plaintiff, being the balance of the $1,000 less $362.08 admitted and $49.50 paid in premiums on the fund by Wm. A Hentz & Co.; or to $588.42 less a further reduction of $85.18 for liquors furnished after the date of the designation on the books of the society, to wit, the sum of $495.36.

The defendant, however, contended that the designation by Gustav F. Wolpert on October 17, 1892, on the books of the society in favor of Wm. A. Hentz & Co. was duly and legally authorized by the constitution and by-laws of said society, and in accordance therewith the said sum of $637.92 was due and owing to Wm. A. Hentz & Co. and should be paid to said company.

The above facts were all agreed upon in a case stated between the parties below, the same being submitted after argument to the court below. In addition to the above the following facts appeared in the case stated, to wit, that the plaintiff was present when the designation was signed and knew of its execution; that the plaintiff notified the defendant in writing that she claimed the whole sum of $1,000, notwithstanding any designation in favor of Wm. A. Hentz & Co., before said defendant made any payment on account of the money payable by it upon the death of the said Gustav F. Wolpert; that the Grand Lodge Knights of Birmingham is a fraternal beneficial society incorporated under the laws of Pennsylvania; and it and its subordinate lodges have ritualistic form of work and representative form of government; that its membership is composed of master masons.

The plaintiff further contended that the designation of Wm. A. Hentz & Co. as beneficiaries was null and void under the act of April 6, 1893.

The case stated was submitted to the court below and judgment thereon entered for the plaintiff, without an opinion filed, for $495.36. Defendant appealed.

*Errors assigned* were (1, 2) entering judgment for plaintiff and in not entering judgment for defendant from the facts agreed upon in case stated.

*C. B. D. Richardson* and *C. H. Downing*, with them *R. O. Moon*, for appellant.—The judgment of the lower court is clearly

in conflict with the decision of the Supreme Court of Pennsylvania in the case of Maneely, Trustee, v. Knights of Birmingham of Pennsylvania, 115 Pa. 305.

There is no prohibitory or restrictive language excluding from the powers of the appellant's corporation the right to contract specially with the members for the payment of benefits to persons other than his widow: Folmer's App., 87 Pa. 133.

An act of incorporation, accepted and acted upon by the corporators, is a contract between the state and them, which a subsequent legislature cannot impair: Hartman v. Bechtel, 1 Woodward's Decisions, 32 (Berks County).

*Adolph Eichholz,* for appellee.—The change or limitation of the rights of the beneficiaries is not subject to objection as imparing vested rights or the obligation of contracts: Niblack on Benef. Societies, 405, 409; Conyne v. Jones, 51 Ill. App. 18, 23; Masonic Mutual Benefit Soc. v. Burkhart, 110 Ind. 189.

In Burst v. Weisenborn, 1 Pa. Superior Ct. 276, it was held that the beneficiary takes no vested right until the death of the insured.

OPINION BY WILLARD, J., November 9, 1896:

From the facts submitted and the argument of counsel we are to determine the law and decide whether the court below erred in entering judgment in favor of the appellee for the sum of $495.36, or whether judgment should have been there entered in favor of the appellant. Mr. Wolpert, on October 17, 1892, made his designation on the books of the association to whom his lawful benefit fund should be payable at the time of his death. This designation when made, was in strict conformity with the express objects, the constitution and by-laws of the association.

This is not controverted. It is true Mr. Wolpert had the right to change this act of designation at any time before his death, but he did not do so, and at that time the designation was unchanged. The beneficiaries claimed of the fund only the amount of their just debt against Wolpert and the moneys advanced by them from time to time to pay his dues, allowing his widow to draw the balance. That the designation thus made was legitimate and proper when made is clearly established in

Maneely, Trustee, v. Knights of Birmingham of Penna., 115 Pa. 305.

We are not called upon to construe the effect of the act of April 6, 1893, as ex post facto legislation impairing the rights of the parties to the alleged contract under consideration; nor are we called upon to decide the applicability of that act to the order or association known as The Knights of Birmingham. What we do decide and determine is that the act in question is not retroactive in its operation so as to affect or disturb the designation made by Mr. Wolpert before its enactment.

It will be observed that the designation in question was made October 17, 1892, and the act relied upon was approved April 6, 1893, and provides in the first section as follows: "That it shall be lawful for any corporation, society or voluntary association, now or hereafter formed or organized and carried on for the sole benefit of its members and their beneficiaries and not for profit, to have and create subordinate lodges with ritualistic form of work and a representative form of government, and to issue certificates of membership, make provisions for payment of benefits in case of sickness, disability or death of its members, subject to their compliance with its constitution and laws, in which the fund from which the payment of such benefits shall be made, and the expenses of such association shall be defrayed and shall be derived from assessments or dues collected from its members, and in which the payment of death benefits shall be to families, heirs, blood relatives, affianced husband or affianced wife of or to persons dependent upon the member."

The language of this statute is too plainly prospective in its operation to admit of any doubt. If applicable to this association, it clearly was not intended to affect the power of appointment exercised and fixed before its passage. It provides what shall be a lawful designation and to what persons and relatives the designation shall apply after its passage. There is not a word in the provisions of the act requiring any member to change his designation already made or making void any designation previously made. Had Mr. Wolpert changed his beneficiary and made a new designation after the passage of the act, then another question would be presented for our consideration, but as he did not do so, it is sufficient in this case to interpret

this statute as applied to the facts before us. "A statute should be interpreted so as to operate prospectively only, unless the language is so clear as to preclude all question as to the intentions of the legislature:" Taylor v. Mitchell, 57 Pa. 209.

Applying this well known rule in the case before us, we hold that the provisions of the act of April 6, 1893, did not affect the designation made by Mr. Wolpert in October, 1892.

The assignments of error are sustained, the judgment is reversed and judgment now entered in favor of the appellant, costs to be paid by the appellee.