206    11
37SC  404
j37SC 2410
37SC  411

## Schoales, Appellant, *v.* Order of Sparta.

*Beneficial associations—Act of April* 6, 1893, *P. L.* 7—*Person entitled to fund—Sister—Friend.*

A member of an unincorporated beneficial association named his wife as beneficiary in the certificate and she so remained for eighteen years when she died. At the time when the contract was made with the association a member had a right to change the beneficiary and designate another. After the death of his wife the member substituted the name of a person described as his " nearest friend " as beneficiary. The change was made in accordance with the rules of the order and was approved by its officers. On the death of the member his sister claimed the proceeds of the certificate as his only surviving heir at law. *Held,* that she was not entitled to the fund and that it was payable to the person whose name had been substituted in the certificate.

*Beneficial societies—Beneficiary—Act of April* 6, 1893, *P. L.* 7—*Act prospective not retrospective.*

The Act of April 6, 1893, P. L. 7, limiting the payment of death benefits by beneficial societies to "families, heirs, blood relatives, affianced husband or affianced wife of, or to persons dependent upon the member," is prospective in its operation and not retrospective and does not affect the rights of holders of certificates issued prior to that time.

*Beneficial societies—Certificates—Beneficiary—Heir at law—Title to fund.*

The heir at law of the holder of a death benefit certificate in a beneficial society, is without standing to question the designation of a beneficiary by the deceased, notwithstanding she is within a class from which the member might have made his selection under the act of April 6, 1893.

Argued March 23, 1903. Appeals, Nos. 331 and 339, Jan. T., 1902, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1902, No. 3332, on demurrer in case of Susan Schoales in her own right as heir at law of Francis H. Watt v. Order of Sparta. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit by Susan Schoales, sister and sole heir at law of Francis H. Watt, to recover the amount of death benefit certificate on the life of Francis H. Watt, a member of the Order of Sparta, an unincorporated beneficial association. The Order of Sparta paid the money into court and an issue was framed between Susan Schoales and William Graham.

Graham demurred to the statement.    The court sustained
the demurrer and ordered the fund amounting to $2,366.20 to
to be paid to William Graham, the beneficiary named in the
certificate.    Plaintiff appealed.

*Error assigned* was in entering judgment for defendant on
the demurrer.

*George Bradford Carr*, for appellant.—Upon the death of a
member where the person claimed to be designated as benefi-
ciary is outside of a class eligible as beneficiaries, the mem-
bers, heirs, at law who are within such class, are entitled to the
insurance: Baldwin v. Begley, 56 N. E. Repr. 1065; Daniels
v. Pratt, 143 Mass. 216 (10 N. E. Repr. 166); Grand Lodge
A. O. U. W. v. Gandy, 53 Atl. Repr. 142.

*Leo Belmont*, of *Belmont & DeYoung*, for appellee.—The in-
sured had an insurable interest in his own life and could insure
the same and make any one he chose beneficiary : Overbeck v.
Overbeck, 155 Pa. 5 ; Scott v. Dickson, 108 Pa. 6 ; Chidester
v. Yard, 155 Pa. 483.

The holder of a certificate in a beneficial society made pay-
able to him by the assured by assignment or originally, when
not contrary to the rules and by-laws of the society, is entitled
to receive the money represented by the certificate: Fisk v.
Equitable Aid Union, 20 W. N. C. 290; Jinks v. Banner
Lodge, 139 Pa. 414; Maneely v. Knights of Birmingham, 115
Pa. 305.

Where a member of a beneficial association, when he became
such member, had the right to designate as a beneficiary a per-
son who was neither a member of his family nor an heir nor a
blood relation nor an affianced wife, nor a person depending
upon him, he is not deprived of such right by the act of
April 6, 1893, which is prospective in its operation: Thomeuf
v. Knights of Birmingham, 12 Pa. Superior Ct. 195.

OPINION BY MR. JUSTICE POTTER, May 4, 1903 :

The Order of Sparta is an unincorporated association, organ-
ized in Philadelphia on November 18, 1879, " to unite frater-
nally men," etc., for the purpose of paying a death benefit of
$2,500 to its members.

Francis H. Watt became a member of the order on May 26, 1882, his certificate number being 1059. His wife, Sarah A. Watt, was made the beneficiary in the certificate, and remained such during a period of eighteen years, when she died. At the time when the contract was first made with the association, the member had the right to change the beneficiary and designate another. After the death of his wife, Francis H. Watt did change the beneficiary as named in his certificate, and substituted the name of William Graham as his "nearest friend." This change was made in accordance with the rules of the Order, and was approved by its officers. On July 15, 1902, Francis H. Watt died. Immediately thereafter his sister Susan Schoales gave notice to the Order of Sparta, that she claimed the proceeds of the certificate upon the life of her brother, as his only surviving heir at law. Thereupon the Order of Sparta, upon its petition, was allowed to pay the money into court. An issue was framed by agreement between the respective parties, to ascertain which of them was entitled to the fund. Susan Schoales as plaintiff filed her statement, to which William Graham, as defendant, filed a demurrer. The court below sustained the demurrer, and afterwards directed the money which had been paid into court, to be paid to William Graham. Appeals were taken by Susan Schoales, both from the judgment of the court below in sustaining the demurrer, and from the order directing payment of the fund to William Graham.

It is contended here on the part of appellant, that as William Graham was not related to Watt by blood or marriage, and was not dependent upon him, he could not be properly designated as a beneficiary, by reason of the provisions of the act of April 6, 1893. This act limits the payment of death benefits by beneficial societies to "families, heirs, blood relatives, affianced husband or affianced wife of or to persons dependent upon the member."

And it is further contended that the appellant, being the sister, heir at law, and blood relative of Francis H. Watt, deceased, and within one of the classes of persons designated in the act of assembly, is therefore entitled to receive the proceeds of the certificate, less the payments made by Graham for dues and assessments, with interest thereon, paid to keep Watt in good standing until the time of his death. But to give to the

act of 1893 any such effect as would take from the member the right which he clearly had prior to the passage of the act, to change the beneficiary, would be to give it a retrospective effect. Such a construction is not to be adopted unless the legislative intent to give the statute such operation is clear. The Superior Court said in reference to this act, in Wolpert v. Knights of Birmingham, 2 Pa. Superior Ct. 564, "The language of this statute is too plainly prospective in its operation to admit of any doubt." And again in Thomeuf v. Knights of Birmingham, 12 Pa. Superior Ct. 195, it is held that this act does not deprive a member of a beneficial association of the right which he had before its passage to designate or change the beneficiary.

We agree with the view that the legislature did not intend by the act of April 6, 1893, to affect the rights of holders of certificates issued prior to that time.

In any event, the appellant here would seem to be without standing to question the designation of a beneficiary by the deceased. It is true that she is within a class from which the member might have made his selection had he seen fit to do so. But he did not indicate her as his choice. In the exercise of the right for which he had contracted with the association in 1882, almost eleven years before the passage of the act of 1893, he after the death of his wife designated his "nearest friend," William Graham, as beneficiary in her stead. The association raises no question as to the rightfulness of his action in so doing, and we do not think the appellant has any standing to complain. Her mere relationship as sister is not sufficient, and she has nothing more.

The assignments of error are overruled, and the judgment is affirmed.