# Baltimore & Ohio Railroad Company, *v.* Veltri, Appellant.

*Beneficial associations—Railroad Relief Department—Beneficiaries —Wife—Substitution of beneficiaries—Payment of money into court.*

The member of the relief department of a railroad company, an unincorporated association composed of employees of a railroad company, designated in his application for membership a woman described by him as his wife. As a matter of fact the woman named was not his wife, although she supposed herself to be so. After the death of the member it was discovered that the member had a wife living at the time he went through a form of marriage with the beneficiary named. Both women survived the member and claimed the fund. The railroad company filed an interpleader bill, and paid the money into court. The regulations of the department provided that the beneficiary or beneficiaries named, if the applicant be married, must be his wife, or his wife and children, and that no one should be entitled to be a beneficiary who is not the member's widow, or a relative not more remote than a first cousin. The member stipulated as follows: "I expressly stipulate that my marriage shall ipso facto have the effect to substitute my wife in the place and stead of the beneficiary named." *Held*, (1) that the fund was properly paid into court to be distributed in accordance with the law; (2) That the payment of the money into court by the company was not an acknowledgment of the beneficiary's right of action; (3) that a decree awarding the fund to the lawful wife was proper.

Argued April 22, 1908. Appeal, No. 195, April T., 1908, by defendants, from decree of C. P. No. 1, Allegheny. Co., Sept. T., 1907, No. 730, on bill in equity in case of The Baltimore & Ohio Railroad Company v. Maria Veltri and Maria D'Angelo. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and BEAVER, JJ. Affirmed.

Bill in equity for interpleader. Before MACFARLANE, J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree of the court in favor of Maria Veltri.

*J. Garfield Houston*, with him *William A. Wilson* and *William Frew*, for appellant.—Only the beneficiary designated in the application has standing to claim death benefits. If the designated beneficiary cannot take, the benefits lapse: Smith v. B. & O. R. R. Co., 81 Md. 412 (32 Atl. Repr. 181); Taylor v. Hair, 112 Fed. Repr. 913.

Although the beneficiary designated in the application is the only person who can claim death benefits, yet in this case, as between the designated beneficiary and the railroad company, the right is defeasible: Smith v. R. R. Co., 81 Md. 412 (32 Atl. Repr. 181).

The right to defeat the claim of Maria D'Angelo belongs only to the railroad company and it can waive its right: Taylor v. Hair, 112 Fed. Repr. 913; Alfsen v. Crouch, 89 S. W. Repr. 329; Supreme Tent v. McAllister et al., 132 Mich. 69 (92 N. W. Repr. 770); Schoales v. Order of Sparta, 206 Pa. 11; Maguire v. Supreme Council, 59 N. Y. App. Div. 143; Knights of Honor v. Watson, 64 N. H. 517 (15 Atl. Repr. 125); Johnson v. Knights of Honor, 53 Ark. 255 (13 S. W. Repr. 794); Titsworth v. Titsworth, 40 Kansas, 571 (20 Pac. Repr. 213).

Payment of the money into court constitutes a complete waiver of the fraud and of the noncompliance with the regulations: Knights of Honor v. Watson, 64 N. H. 517 (15 Atl. Repr. 125); Taylor v. Hair, 112 Fed. Repr. 913; Johnson v. Knights of Honor, 53 Ark. 255 (13 S. W. Repr. 794); Titsworth v. Titsworth, 40 Kansas, 571 (20 Pac. Repr. 213); Maguire v. Supreme Council, 59 N. Y. App. Div. 143; Markey v. Supreme Council, 74 N. Y. Supp. 1069; Tepper v. Royal Arcanum, 61 N. J. Eq. 638 (47 Atl. Repr. 460); Schoales v. Order of Sparta, 206 Pa. 11; Penna. Railroad Co. v. Wolfe, 203 Pa. 269; King v. Beneficial Association, 216 Pa. 553; White v. Turner, 217 Pa. 25; Barner v. Lyter, 31 Pa. Superior Ct. 435; Broadrick v. Broadrick, 25 Pa. Superior Ct. 225; Benefit Fund v. Liberty Castle, 5 Pa. Dist. Rep. 385; Ducksbury v. Supreme Lodge, 12 York, 28.

The application entitles Maria D'Angelo to the fund: Jones's Est., 211 Pa. 364; Brown v. A. O. U. W., 208 Pa. 101; Overbeck v. Oberbeck, 155 Pa. 5.

*Owen S. Cecil,* for appellee.—Under the purposes and organization of the relief department as set forth in its regulations, the creation of a fund to be paid to appellant is beyond the powers of the association, would be a fraud upon its other members, and the designation of her as beneficiary is invalid: Fischer v. Am. Legion of Honor, 168 Pa. 279; Murphy v. Nowak, 223 Ill. 301; Britton v. Supreme Council of Royal Arcanum, 46 N. J. Eq. 102 (18 Atl. Repr. 675).

The designation of Maria D'Angelo as beneficiary is invalid, but this does not render the contract void as to the beneficiary who is entitled to be named, and such beneficiary can recover against the society. That one is entitled who is first in the order in which parties to be benefited are named in charter or by-laws: Clarke v. Schwarzenberg, 162 Mass. 98 (38 N. E. Repr. 17); Arthars v. Baird, 8 Pa. C. C. Rep. 67; Lamont v. Grand Lodge of Iowa Legion of Honor, 31 Fed. Repr. 181; Parke v. Welch, 33 Ill. App. 188; Simon v. O'Brien, 33 N. Y. Supp. 815; Tyler v. Odd Fellows Mut. Relief Assn., 145 Mass. 134 (13 N. E. Repr. 360); Grand Lodge A. O. W. v. Gandy, 63 N. J. Eq. 692 (53 Atl. Repr. 142); Hunter v. Firemen's Relief, etc., Assn., 20 Pa. Superior Ct. 605; Fodell v. Miller, 193 Pa. 570; Chicago Guaranty Fund Life Soc. v. Wheeler, 79 Ill. App. 241; Lister v. Lister, 73 Mo. App. 99; Masonic Mut. Relief Assn. v. McAuley, 2 Mackey, 70; Supreme Lodge Knights and Ladies of Honor v. Menkhausen, 106 Ill. App. 665.

But it cannot avail the appellant that the fund does not belong to Maria Veltri. Appellant must show such right in herself: Helsel v. Traction Co., 14 Pa. Superior Ct. 420.

Rights of the beneficiary become fixed upon death of member, and no subsequent action by society can modify them: Masonic Mut. Ben. Society v. Burkhart, 110 Ind. 189 (10 N. E. Repr. 79); Fischer v. Am. Legion of Honor, 168 Pa. 279; Masonic Aid Assn. v. Jones, 154 Pa. 99; Maneely v. Knights of Birmingham, 115 Pa. 305; Burst v. Weisenborn, 1 Pa. Superior Ct. 276; Hunter v. Firemen's Relief, etc., Assn., 20 Pa. Superior Ct. 605; Parke v. Welch, 33 Ill. App. 188; Smith v. Harman, 59 N. Y. Supp. 1044; Grand Lodge A. O. U. W. v. Connolly, 43 Atl. Repr. 286.

OPINION BY ORLADY, J., October 12, 1908:

In 1889, Vincenzo Greco, while a resident of Italy, was there married to Maria Veltri. Subsequently, he came to the United States, and in 1902 was married to Maria D'Angelo, and with whom he lived as her husband until 1905, when Greco was accidently killed while he was in the employ of the defendant company. In 1904 Greco made an application for and was received into membership in the relief department of the Baltimore and Ohio Railroad Company, by signing an application for full membership, the principal parts of which are as follows:

"I consent and agree to be bound by all the regulations of the Relief Department now in force, and by any other regulations of said Department hereafter adopted applicable to the relief feature. . . . For the purpose of securing the benefits provided by said regulations for a member of Class A, to myself, or in the event of my death, to my wife Maria D'Angelo, or to whomever I may hereafter, from time to time, designate in writing, by way of substitution, with the written consent of the superintendent; or if no such beneficiary be then living, then to my next of kin. I expressly stipulate that my marriage ipso facto, shall have the effect of substituting my wife in the place and stead of the beneficiary named above, to receive such benefits in the event of my death, if she be then living, except as to children by a former marriage, who may have a claim as beneficiaries, and in that event my said wife shall have one half of said benefits. I further agree that this application, when accepted by the superintendent, shall constitute a contract between myself and the said company, as a condition of my employment by the company. I further agree that in consideration of the contribution of said company to the relief department, and of the guarantee by it of the payment of the benefits as aforesaid, the acceptance of benefits from the relief department for injuries or death shall operate as a release of all claims against said company, or any company owning or operating its branches or divisions, or any company over whose railroad, right of way or property the said Baltimore & Ohio Railroad Company shall have the right

to run or operate its engines or cars, or send. its employees in the performance of their duty, for damages by reason of such injury or death which could be made by or through me; and that the said superintendent may require, as an additional precedent in the payment of such benefits, that all acts, by him deemed proper or necessary to effect a full release and discharge to said company from any such claim, be done by those who might bring suit for damages by reason of such injury or death. I understand and agree that each of the statements herein contained and each of my answers to the questions asked by the medical examiner, and hereto annexed, shall constitute a warranty by me, the truth whereof shall be a condition of payment of the benefits aforesaid."

The relief department is not separately incorporated, but all employees of the company are required to become members thereof, and it is provided that the regulations governing the relief department of the railroad company shall supply the place of the by-laws of an ordinary beneficial association. Two of these regulations are as follows:

"Third. The relief feature will afford relief to those members entitled thereto, when they are disabled by injury or sickness, and to their families in the event of their death."

"Eighteenth. The beneficiary or beneficiaries named in any application for full membership, if the applicant be married, must be his wife, or his wife and children. No one shall be entitled, as the beneficiary of a member, who is not his widow, or a relative not more remote than first cousin; except in case of an assignment to the superintendent of a natural death benefit, to secure a loan from the saving feature, or in case of the taking of a special natural death benefit for that purpose."

After the death of Greco, the railroad company ascertained that there were two claimants for this fund, each asserting herself to be the lawful widow of the decedent. The company admitting the genuineness of the contract, and the death of Greco, in order to avoid interest, costs and expenses incident to threatened litigation at the instance of these parties, filed a bill in equity, in which these claimants were named as defendants, setting out the facts, and its willingness to pay the money to

the party justly entitled thereto, but owing to the dispute it had not been able to do so. To this bill each claimant filed an answer. This appellant, Maria D'Angelo, admitted all the averments contained in the bill and concluded, "I am ready to interplead with Maria Veltri as prayed for in the bill, and to submit myself to the further order of the court." Whereupon, it appearing to the court that one of the two women was the rightful widow of Greco, it was ordered that the money should be paid into court and "the claimants interplead between themselves; that as between the claimants the court retain further jurisdiction in the cause for making such inquiry as it may deem just and proper as to their conflicting claims." The case was then heard on the answers of the two defendants and a decree was entered directing the money to be paid to Maria Veltri, as the rightful widow. From this decree the other claimant took this appeal. The claim of each is founded on the application of Greco, and the payment of the fund into court did not add any merit to the right of either. They being the only claimants of the fund, the railroad company did not acknowledge the validity of either claim, but simply and only that one of the two was the rightful claimant. The fund was properly paid into court to be distributed in accordance with the law, under the authority of Fodell v. Miller, 193 Pa. 570; Penna. Railroad Co. v. Wolfe, 203 Pa. 269; Schoales v. Order of Sparta, 206 Pa. 11. Bringing money into court is said to be an admission of a legal demand only, and beyond the amount of the sum brought in, it is no acknowledgment of a right of action; therefore if the plaintiff proceeds further it is at his peril. After the payment of money into court the cause goes on substantially in the same manner as if the money had not been paid in at all. In other words, the defendant is not precluded by it from making a defense which goes to the whole cause of action: 1 Tidd's Practice, *624, *625; Elliott v. Lycoming County Mutual Insurance Co., 66 Pa. 22. Payment of money into court is no acknowledgment of the plaintiff's right of action. Whatever may have been the legal consequence of such payment in ancient pleading, no such effect is longer given to it: Hall v. Blackburn, 173 Pa. 310.

It is conceded that Maria D'Angelo had no knowledge of the former marriage of Greco, and it must also be conceded that the railroad company would not have assented to the naming of Maria D'Angelo as the beneficiary if the fact of an earlier marriage had been known. The designation "to my wife, Maria D'Angelo," was false in fact, and must have been so known to Greco. The purpose of the contract was not simply insurance, though this feature might well be the object of Greco, but as to the railroad company, the purpose was to protect the company from litigation at the instance of persons entitled under our statutes to recover in case of death or injury. The application provides for the contingency of an improper or unlawful designation. Maria D'Angelo, while so named, could not be under its very terms designated as the proper beneficiary during the life of Maria Veltri, nor could she, under the facts, maintain an action in her own name under the application, against the railroad company on account of the death of Greco, as she was not his widow, nor "a relative not more remote than first cousin." Wifehood is as clearly defined a legal state or condition as that of widowhood. Inasmuch as the contract was induced by misstatements of fact, it must be interpreted in the light of the knowledge demanded by and the information given to the railroad company. There were no qualifying circumstances, and from the relief department's standpoint, the intended beneficiary, if the applicant be married, must be his wife or his wife and children. Designations do not identify of themselves. They only furnish a means of identification. They give us certain marks or characteristics by the aid of which we may single out the thing intended from others. Not by the description alone but by that expressed and applied: Willey v. Snyder, 34 Michigan, 60; Hoffman v. Port Huron, 102 Mich. 417.

. The appellant falls short of the designation given by Greco, although mentioned by her own name as his wife. To hold otherwise would frustrate the very purpose of the organization by requiring the company to pay to a mistress, designated as the wife, and at the same time be liable to the lawful widow. The company had undoubtedly the right to demand good faith in the designation of the beneficiary and to stipulate against

406   BALT. & OHIO R. R. CO. *v.* VELTRI, Appellant.

Opinion of the Court—Dissenting Opinion. [37 Pa. Superior Ct.

such a mistake or fraud, in requiring the statement that, "My marriage ipso facto shall have the effect of substituting my wife in the place and stead of the beneficiary named above to receive such benefits in the event of my death, if she be then living. . . . No application will be accepted which does not comply with these requirements." Greco must be conclusively presumed to have knowledge of and be bound by such a reasonable demand, and could not divert the fund through his fraudulent misstatements from the beneficiary required by the railroad company: Fischer v. Am. Legion of Honor, 168 Pa. 279; Compton's Est., 25 Pa. Superior Ct. 28.

To hold that the fraud which inspired the creation of the fund had been neutralized by the stakeholder paying it into a court of equity, would be putting a premium on such false statements, and the claim of Maria D'Angelo must be maintained, if at all, through these false statements of her paramour. The fund being in a court of equity with the consent of both parties, it must be distributed in accordance with the well-established legal rights of the claimants thereto. The judgment is affirmed.

MORRISON, J., dissenting:

I have no criticisms to make as to the statements of fact in the majority opinion, but I cannot agree with the legal conclusions therein.

It is agreed on all hands that Greco had a lawful wife in Italy, Maria Veltri, and that she is still living. Therefore, his marriage in this country in 1892 to Maria D'Angelo, the appellant, was illegal, but it is also agreed that the appellant acted in entire good faith supposing that she was the lawful wife of Greco and that her two children, the fruits of her union with him, were legitimate. Upon the conceded facts there can be no doubt that Greco was under a moral obligation to provide for the appellant and her and his children. In 1894, Greco made application and was received into membership in the relief department of the Baltimore and Ohio Railroad Company, by signing an application for full membership, which was accepted in due form by the company. The important parts of the written contract between Greco and the

company are correctly quoted in the majority opinion. The application of Greco was "for the purpose of securing the benefits provided by said regulations, for a member of Class A to myself, or in the event of my death, to my wife, Maria D'Angelo, or to whomever I may hereafter from time to time designate in writing by way of substitution, with the written consent of the superintendent; or, if no such beneficiary be then living, to my next of kin (as determined by the laws of the state of Maryland), in accordance with Regulation No. 18— subject to all the provisions and requirements of said regulations.

"I expressly stipulate that my marriage shall ipso facto have the effect to substitute my wife in the place and stead of the beneficiary named above to receive said benefits in the event of my death, if she be then living, except as to children by a former marriage who may be named as beneficiaries, and in that event my said wife shall have one-half of said benefits."

Greco continued to live with Maria D'Angelo, as her husband, until 1905, when he was accidentally killed while he was still in the employ of the company. The contract between Greco and the Baltimore and Ohio Railroad Company for benefits was in full force at the time of his death. Upon the above-conceded facts, Maria Veltri and Maria D'Angelo both claimed the benefit fund, amounting to about $500. It will be noted that by the plain terms of the contract this fund was designated and intended by Greco for Maria D'Angelo. The Baltimore and Ohio Railroad Company filed the bill in the present case for an interpleader, naming Maria Veltri and Maria D'Angelo as defendants, and asked and obtained leave of court to pay the entire fund, less certain costs, into court, and that upon such payment into court, the plaintiff be discharged of all liability to the defendants, Maria Veltri and Maria D'Angelo, in respect of the money so claimed by them. And that an injunction be issued to restrain said defendants, their counsel, solicitors, agents and attorneys, from commencing or prosecuting any further or other action or suit against the plaintiff for or in respect of the said sum of money. The Baltimore and Ohio Railroad Company procured

from the court the decree above prayed for, and paid the money into court and withdrew from the controversy. Subsequently the court awarded the fund to Maria Veltri and it is from that decree that this appeal was taken by Maria D'Angelo.

It is conceded on all hands, that if the Baltimore and Ohio Railroad Company had been sued for the benefits and had interposed the false and fraudulent representation of Greco, that Maria D'Angelo was his wife, as a defense, there could have been no recovery because the fraud rendered the contract voidable. I consider it perfectly clear, under the authorities, that neither of these women could have recovered on that contract, if the company relied on the fraud and refused to waive its right to defend. By paying the money into court, however, it seems that the authorities in this state, as well as in many of the sister states, hold that the company waived such defense and that it could not be raised by any other person. In effect, the company, by its action, said to the court, Decree this money to the one of these women who is legally entitled to it. As was said by the Supreme Court in Penna. R. R. Co. v. Wolfe, 203 Pa. 269 (see p. 275): "But the relief association wholly withdraws from this contest; it pays the money into court, and in effect says, Wage your war between yourselves, I will have nothing to do with it; so that all the authorities cited on either side, as to the rights of the claimant against the association, are wholly outside this case."

The application designated Maria D'Angelo as beneficiary. There is absolutely no provision that in case the named beneficiary is living but is not eligible, that the benefits are to be paid to some other person or persons. It therefore follows that the designated beneficiary, Maria D'Angelo, being alive, must take, or the benefits lapse. Maria Veltri, the lawful wife, has no standing to question their disposition. Smith v. Baltimore & Ohio Railroad Company, 81 Md. 412, was a similar case and in it a similar application and the regulations of the relief department of the Baltimore and Ohio Railroad Company were before the court for construction. The insured had been divorced from his wife. He designated as his benefi-

ciary a certain woman, naming her, and describing her as
"my wife." The woman designated was not the lawful wife
of the insured, though they had been living together as husband
and wife. On the death of the insured, the named beneficiary
being alive, a son of the divorced wife sought to recover as
next of kin. *Held,* that the plaintiff (the son) was not entitled
to recover, because the false statement in the application
avoided the contract, and also because the plaintiff, not being
named as beneficiary, could not maintain the action. The
present application provides that the contract is to be con-
strued according to the laws of the state of Maryland. The
above case decides that no person other than the named
beneficiary, if alive, can claim benefits payable under an appli-
cation of the relief department of the Baltimore and Ohio
Railroad Company, even if the named beneficiary is debarred.
The effect of that decision is that Maria Veltri has no standing
to dispute the claim of Maria D'Angelo, the named beneficiary.

In Taylor v. Hair, 112 Fed. Repr. 913, the court said: "The
order may dispose of it (the fund), in accordance with the law
of distribution or otherwise, by a designation of beneficiaries
in the constitution of the order; but it can only do this when
the application does not show any named beneficiary, and when
it directs the benefit to be made payable to the beneficiary
designated in such constitution. It is argued that when a
person not qualified to take is named as beneficiary, there is,
in legal effect, no person designated. If so, the benefit cannot
go to any beneficiary designated in the constitution of the
order without a direction in the application requiring it, and
the benefit must fail."

Maria D'Angelo is the beneficiary named in the application,
and on the death of the insured her right became vested and
she is the only person who has standing to claim these bene-
fits. But as between Maria D'Angelo and the railroad com-
pany, her right is defeasible on two grounds: 1. Because of
the fraudulent statement of the insured in his application that
Maria D'Angelo was his wife. But this fraud only renders
the contract voidable at the option of the company: Smith v.
B. & O. R. R. Co., 81 Md. 412. But I will cite authorities later

showing that the company by paying the money into court waived its right in this respect.    2. Because Regulation 18 provides that if the applicant is married, he must name his wife, or his wife and children, unless the superintendent waives this requirement for reasons satisfactory to him; and that no one shall be entitled as the beneficiary of a member who is not the widow or a relation who is not more remote than a first cousin.    This rendered the claim of Maria D'Angelo defeasible if it had not been waived by the company.

It should here be noted that in Smith v. B. & O. R. R. Co., 81 Md. 412, and Taylor v. Hair, 112 Fed. Repr. 913, the defense was not waived, but was insisted upon.

A provision in the by-laws of a beneficial association restricting the designation of a beneficiary to a certain person or class of persons, is inserted for the benefit or protection of the association and can be waived by it.    The noncompliance with such a provision in the by-laws is a question that can be raised only by the association, and in any event a mere stranger, such as Maria Veltri, the other claimant, who is not a member of the association or a party to the contract, cannot raise this objection: 3 Am. & Eng. Ency. of Law (2d ed.), p. 960; Taylor v. Hair, 112 Fed. Repr. 913; Alfsen v. Crouch, 89 S. W. Repr. 329; Supreme Tent v. M'Allister et al., 132 Mich. 69; Schoales v. Order of Sparta, 206 Pa. 11; Maguire v. Council, 59 N. Y. App. Div. 143; Knights of Honor v. Watson, 64 N. H. 517; Johnson v. Knights, 53 Ark. 255; Titsworth v. Titsworth, 40 Kan. 571; Markey v. The Council, 74 N. Y. Supp. 1069; Tepper v. Royal Arcanum, 61 N. J. Eq. 638.

An examination of the above cases will show that where the named beneficiary was not within the class prescribed by the by-laws, the right of the association to pay such beneficiary cannot be questioned by persons who have no certificate and who come into court without any basis for any claim whatever.    The cases also hold that such defense can only be interposed by the company and that by paying the money into court the company waived its right to avoid the contract of insurance and defeat the claim of the named beneficiary. I think the following Pennsylvania decisions establish the

same principles: Schoales v. Order of Sparta, 206 Pa. 11; Pennsylvania Railroad Co. v. Wolfe, 203 Pa. 269; King v. Beneficial Assn., 216 Pa. 553; White v. Turner, 217 Pa. 25; Barner v. Lyter, 31 Pa. Superior Ct. 435.

But it is contended that the clause in the application above quoted, "I expressly stipulate that my marriage shall ipso facto have the effect to substitute my wife in the place of the beneficiary named above to receive said benefits in the event of my death, if she be then living," defeats the right of Maria D'Angelo to recover the benefits in this case. I cannot agree with this contention because I think this clause of the application is meant to operate only prospectively, that is, in case of a lawful marriage subsequent to the date of the insurance contract. I discover nothing in the language of this clause indicating that it was to operate retrospectively. I think it was intended to cover cases where the insured was not married at the time of the execution of the contract and where he named, say, his mother or sister or someone else as his beneficiary, and thereafter entered into a marriage contract. In such case, this rule would substitute the wife for the beneficiary named in the contract. Even statutes are never given a retrospective operation unless the language is so clear as to preclude all question as to the intention of the legislature that they should operate retrospectively: Calder v. Bull, 3 Dallas, 386; Taylor v. Mitchell, 57 Pa. 209; Sproul v. Standard Plate Glass Co., 201 Pa. 103; Com. v. Danville Bessemer Co., 207 Pa. 302; White v. Crawford, 84 Pa. 433.

Since the courts have been so careful to prevent statutes from having retrospective force, except in clear cases where the language admits of no other construction, I am not in doubt about the clause in the insurance application, above quoted, having reference only to a future marriage. The application entitles Maria D'Angelo to the fund. If the application and it alone controls the rights in this case, the company having waived its defense, it seems clear, to me, that the words, "my wife, Maria D'Angelo," can mean only the appellant, Maria D'Angelo. The description "my wife" does not require that the person named answer to this superfluous description:

Jones's Est., 211 Pa. 364; Brown v. A. O. U. W., 208 Pa. 101; Overbeck v. Overbeck, 155 Pa. 5.

Upon the admitted facts in the present case, the company having paid the money into court and declined to interpose a defense on the ground of the fraud practiced upon it by Greco, the insurance being clearly provided by the contract for Maria D'Angelo, I am of the opinion that as a pure question of law, the learned court erred in decreeing the money to Maria Veltri and refusing to decree it to the appellant, and I would, therefore, reverse the decree and direct that the legal costs be paid out of the fund and that the residue of the fund be paid to Maria D'Angelo.

RICE, P. J., concurs in the dissent.