———o———

## No. 6111.

## SUCCESSION OF EDWARD HOLMES AND OTHERS vs. CONTINENTAL CASUALTY COMPANY, OF CHICAGO, ILL.

### Syllabus.

Every answer in an application for insurance which is made part of the policy, and every statement of fact forming the basis of it, and are declared to be warranties, become such, and the truth of them is a condition precedent to the validity of the policy, whether they are material or not.

Any statement of fact within the knowledge of the applicant calculated to influence the insurer to accept the risk is a material representation the falsity of which avoids the policy.

When the applicant for insurance was asked what relation the beneficiary bore to him, and he answered "wife," while the truth was that she was his concubine; and when the testimony shows that the insurer would not have issued a policy in favor of a concubine, the policy is null.

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 104,197. Hon. G. H. Theard, Judge.

Guilbault & Murphy, for plaintiff and appellant.

Woodville & Woodville, for intervenor.

Lemle, Jones & Moreno, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiffs claim of defendant the amount of an accident policy of $1000.00, taken out by the deceased, Edward Holmes, in the name of Rosa Holmes, his wife. The plaintiffs are the administrators of the succession of the deceased and his father and brother and sister. They aver that they are the sole heirs of Edward Holmes and that he was never legally married and that he died childless; and that they are therefore entitled to recover the policy.

The defense is that the policy is void by reason of false answers made by the deceased in his application for insurance.

The application reads as follows:

"Mr. E. E. Larrett, agent, I hereby apply for insurance in the Continental Casualty Company based upon the following statements, and I agree that any failure on the part of myself, my heirs, legal representatives or beneficiary to comply with the provisions, conditions and agreements of this application, or of any policy issued thereon, shall work a forfeiture of the policy and all claims thereunder.

"Death indemnity, (accident only) $1000.

"Weekly indemnity, accident $15. .

"1. Name, Ed. Holmes; age 38.

"2. Height, 5 ft. 8 in.; Weight 173 lbs.; Race C.

"3. P. O. Address (Street and No.), 2314 Philip Street; Town, New Orleans; County, ........; State, La.

"4. Occupation (if more than one, name all of them), loco. fireman.

"5. Employed by Y. M. V. Ry.

"6.. Beneficiary to take interest under the policy only at death of applicant (Give full Christian name, relationship and residence): Name, Rosa Holmes; Relationship, wife.

\* \* \* \* \* \* \* \* \*

"I understand and agree that I have made each of the above statements as a material representation to induce the issue of a policy for which I have made this application, and to that end I warrant each of them to be full, complete, and true, and I declare that no statement contradictory thereto was made by me to the agent of said company and that all statements made to him are embodied herein."

The application is signed Ed. Holmes, but the answers to all the questions are not in his handwriting. The policy reads:

"In consideration of the warranties and agreements contained in the application herefor and the payment of premium as herein provided does on this day, 22 of March, A. D., 1911, hereby insure Mr. Ed. Holmes as a locomotive fireman, etc.

"The application herefor \* \* \*, and are hereby made a part hereof strict compliance on the part of the insured and beneficiary with all the provisions of this Policy, is a consideration precedent to recovery hereunder, and any failure in this respect shall forfeit to the Company all rights to principal sum and indemnity."

Rosa Tucker, also known as Rosa Holmes, intervened and claimed the policy as beneficiary thereof.

By a supplemental answer the defendant averred that the relation that existed between Holmes and the beneficiary did not permit him to make her a beneficiary; that she had no insurable interest in his life, and that the policy was contrary to law and an absolute nullity, which

the Company was induced to underwrite by the fraudulent representations of Edward Holmes.

There was judgment for defendant rejecting the demands of the plaintiffs and of intervenor. Plaintiffs alone have appealed.

We were loath to approve the defense set up by the Company inasmuch as we did not see what practical influence the answer that the beneficiary was the wife of the assured could have in accepting or rejecting the risk, since the policy would have issued without any question in favor of any other beneficiary, although the assured might have been living in a state of concubinage with any other than the assured. We believe that the defendant company could have only a business objection and not a moral one. Nor were we inclined to apply a strict interpretation of the contract of insurance especially as against the assured who was a colored man filling the humble occupation of locomotive fireman and belonging to a race whose domestic relations are not always sanctioned by law and whose life mate is to them as good as a wife. But an examination of the authorities establishing the law on the subject has forced upon us the following conclusions:

Every answer in an application for insurance which is made part of the policy, and every statement of fact which forms the basis of it and are declared to be warranties, became such, and the truth of them is a condition precedent to the validity of the policy whether they are material or not.

Any answer or statement of fact within the knowledge of the applicant calculated to influence the insurer to accept the risk is a material representation the falsity of which avoids the policy.

When the applicant for insurance was asked what relation the beneficiary bore to him, and he answered "wife," while the truth was that she was his concubine; and when the testimony shows that insurer would not have issued a policy in favor of a concubine, the policy is null.

> Brignac vs. Pac. Ins. Co., 112 La., 574; Goff vs. Mutual Life Ins. Co., 131 La., 98; Weil vs. N. Y. Life Ins. Co., 47 A., 1405.

> Van Cleave vs. Union Casualty Co., 22 Wall., 47, 91 U. S., 510; Society vs. Patterson, 82 Mo. App., 668, 41 Ga., 365; Travelers Ins. Co. vs. Lamkin, 38 Pac., 335; Mutual Aid Society vs. White, 100 Pa., 12; Gaines vs. Fidelity Co., 87 N. Y. Supp., 821; Makel vs. Hancock Ins. Co., 88 N. Y. Supp., 757; 130 Pac., 270 (272); Smith vs. Baltimore Co., 81 Md., 412, 32 Atl., 181; 97 N. Y. Supp., 836; 47 L. R. A. (N. S.), 257 69 S. E., 342 (Va.); 34 L. R. A. (N. S.), 1194.

We have examined the cases of **Lampkin vs. Travelers Ins. Co.**, 52 Pac., 1040, and **Standard Life Ins. Co. vs. Martin, 33 N. E., 105.** We think the application and policy differ in material respects from those in the present case. If they do not, they are so much out of line with the authorities we quote, we prefer to rely on those.

Act 97 of 1908, p. 139, refers, by its title, to companies "which issue policies without a medical examination." There is no evidence that defendant is such company or that the relations of the assured and beneficiary could have been ascertained by the agent of the company. Act 52 of 1906, applies to Life Insurance Companies alone.

— 295 —

The judgment of the District Court was in favor of defendant and it is affirmed.

GODCHAUX, J.—I concur in the decree on the ground first stated in the opinion, to-wit: That by the terms of the agreement itself, the false statement had the effect of rendering the policy null; and such agreements have been held valid.

Judgment affirmed.

Opinion and decree, June 1st, 1914.