564

## Commonwealth v. Lafy

*E. P. Young*, district attorney, for Commonwealth.
*W. M. Rosenfield*, for defendant.

CULVER, P. J., February 17, 1939.—From the record and evidence in this case it appears that defendant on November 28, 1938, in the township of Ulster, Bradford County, Pa., violated that section of The Vehicle Code of

May 1, 1929, P. L. 905, as amended by the Act of July 16, 1935, P. L. 1056, prohibiting the driving of a motor vehicle at a greater rate of speed than 50 miles per hour upon the public highways of this Commonwealth.

The records shows that on December 1, 1938, Private B. J. Lebojesky, Pennsylvania Motor Police, made a complaint before Morris Watkins, Justice of the Peace of Ulster Township, charging defendant with a violation of article X, sec. 1002(b), of The Vehicle Code as amended, supra.

The transcript further shows that on December 1, 1938, the said justice of the peace mailed a copy of the said complaint, together with a notice to defendant to appear, by registered mail and it is conceded defendant received such notice.

Defendant failing to appear before the justice of the peace as required within 10 days from the date of said notice, the said justice on December 14, 1938, issued a warrant, and the above-mentioned motor policeman arrested defendant in Towanda Borough, this county, which is about eight miles from the office of the justice of the peace who issued the warrant in Ulster Township, wherein the violation occurred. Defendant made no request to the arresting officer that he be taken before a justice of the peace of Towanda Borough for the purpose of entering bail, but, on the contrary, expressed his willingness to accompany the officer to the office of the magistrate who issued the warrant, and the officer took him before such magistrate on December 26, 1938.

On appearing before the said justice on said December 26th, defendant, after the complaint was read aloud in his hearing, pleaded "not guilty", and posted bail by depositing cash for his appearance before the same justice of the peace on January 7, 1939, between the hours of 4 and 5 o'clock in the afternoon.

On January 7, 1939, at the hour mentioned, defendant voluntarily appeared before said justice and waived a hearing and entered bail for his appearance in this court.

When the case came on for hearing in this court, defendant, by his counsel, moved to quash the proceedings and dismiss defendant, assigning five reasons therefor, as follows:

"And now ——————, 1939 defendant, David Lafy, by his counsel, W. M. Rosenfield, respectfully moves your Honorable Court to quash the foregoing proceeding and dismiss defendant for the following reasons:

"1. The transcript does not show affirmatively that the information was filed before a magistrate within the city, boro, incorporated town or township where the alleged violation occurred.

"2. The transcript does not show that a notice in writing of the filing of the information and a notice to appear was served upon defendant.

"3. The record does not show that the notices required were sent by registered mail to the person charged at the address shown by the records of the department.

"4. The record does not show that a warrant was served.

"5. The record does not show that defendant was taken 'before a magistrate, within the city, boro, incorporated town or township in which defendant was found, or if there was no person holding the office of magistrate in such city, boro, incorporated town or township', that he was taken before a magistrate in an adjoining city, boro, incorporated town or township to give bail for his appearance before the magistrate who issued the warrant or for his appearance for trial in the proper court, if summary hearing was waived. As a matter of fact the warrant was served upon defendant at Towanda Boro, Bradford County, Pa., and he was compelled to appear before the magistrate in Ulster, all contrary to the provisions of the Act of Assembly in such cases made and provided and particularly to the Act of June 29, 1937, P. L. 2329 sec. 3."

That the court might have full knowledge of each step taken before the magistrate in this proceeding, defendant

was permitted to show the aforementioned procedural steps taken.

As to the first reason we believe it sufficient that the transcript shows that the offense was committed in Ulster Township, and the complaint was made before Morris Watkins, Justice of the Peace of Ulster, Pa. The court will take judicial notice that the Ulster Post Office and the Village of Ulster, wherein said justice of the peace resides, is within the township of Ulster, this county.

As to the second and third reasons we believe it sufficient that the transcript shows that a copy of the complaint, together with notice in writing to appear, was served by registered mail addressed to defendant, who received the same.

As to the fourth reason that the record does not show that a warrant was served, this relates merely to a procedural matter. The transcript does show that defendant appeared before the magistrate and was arraigned on December 26, 1938, and thereat deposited cash bail for his appearance before the same justice of the peace on January 7, 1939, at a definite hour. The transcript further shows that on the said January 7, 1939, defendant again appeared before the justice of the peace and waived hearing and entered bail for his appearance in this court.

We believe this record shows a substantial compliance with all the requirements of the act of assembly to give the justice of the peace jurisdiction of defendant and the subject matter.

The principal complaint made by defendant's counsel and urged as a reason for quashing the entire proceedings was that the arresting officer did not take defendant before a justice of the peace in Towanda Borough, the place where he was arrested. Defendant made no request, much less demand, that he be taken before a justice of the peace of said borough, but voluntarily accompanied the arresting officer to the office of the justice of the peace who issued the warrant. If this was an irregularity, it was a procedural irregularity, and, in our judgment, did

not go to the jurisdiction of the justice. The provisions of the statute, requiring that in certain instances a defendant, charged as was the above defendant, shall, when arrested, be taken before a justice of the peace of the municipality in which the arrest is made, are not clear. Section 1202 of The Vehicle Code as amended by the Act of 1937, supra, provides as follows:

"1. If the person named in the information shall not voluntarily appear within ten (10) days of the date of the written notice, a warrant shall then issue and may be served by a peace officer having authority to serve warrants in the county in which the alleged violation has been committed.

"If the person charged cannot be served within such county, then the magistrate shall deputize a peace officer, having authority to serve warrants in the county wherein the person charged resides, or may be found, to serve such warrant.

"2. The peace officer serving such warrant shall take the defendant before a magistrate, within the city, borough, incorporated town, or township in which the defendant is found, or if there is no person holding the office of magistrate in such city, borough, incorporated town, or township, then the defendant shall be taken before a magistrate in any adjoining city, borough, incorporated town, or township, who shall take bail, either for the defendant's appearance before the magistrate who issued the warrant, or for his appearance for trial in the proper court, if a summary hearing is waived."

Do these provisions require the arresting officer to take a defendant when arrested before a magistrate of the municipality wherein the arrest occurs, or does this provision apply only when the arrest is not made in the county wherein the violation took place? Do these provisions in the law make it obligatory upon the arresting officer to take a defendant before such magistrate when the arrest occurs in the county in which the offense was committed, or in any other county of the Commonwealth,

or, is that a privilege given to defendant to demand that he be taken before such magistrate for the purpose of entering bail?

If defendant's contention be correct and the arresting officer, where the arrest is made in any municipality other than the one in which the violation took place and the warrant issued, cannot take defendant to the magistrate issuing the warrant, but, on the contrary, is limited to taking him before a magistrate of the municipality wherein the arrest is made, it would, in many instances, be a hardship on defendant. To illustrate: United States Route 6 traverses the entire County of Bradford from west to east. Let us suppose a person living in Sylvania Borough, on the said highway at the extreme western line of our county, starts from his home to drive to Wilkes-Barre, Scranton, New York, or Philadelphia, and violates the said provision of The Vehicle Code within the borough of his home (Sylvania), and is not arrested until on his return, he reaches the Township of Tuscarora through which said Route 6 runs and which is located in the extreme eastern portion of our county. When arrested defendant would be nearly fifty miles from his home, and presumably among strangers where it might be exceedingly difficult for him to find a bondsman who would become responsible for his appearance either before the magistrate issuing the warrant in Sylvania or to this court. It may be conceded that defendant has the right, if he so request, to enter bail before a magistrate of the municipality wherein he is arrested, but we believe he may waive that right and the arresting officer would be justified in taking him back to the magistrate who issued the warrant, as was done in this case. In any event the act of the arresting officer would, in our judgment, be a procedural act and would not affect the jurisdiction of the justice of the peace to act when defendant appeared before him, whether pursuant to bail entered before some other magistrate, or in company with the arresting officer, as occurred in the instant case.

Defendant places great stress and relies upon the opinion of Judge Hargest in the case of Commonwealth v. Myers, 22 D. & C. 586. That case is clearly distinguishable from this case because there the justice of the peace did not take the preliminary steps prescribed by the statute to acquire jurisdiction. He did not mail notice of the filing of complaint and a copy thereof with notice to defendant to appear before him within ten days, but, on the contrary, issued the warrant the very day the complaint was made before him. It may be in that case the justice did not acquire jurisdiction of defendant and the subject matter because he failed to give the notice required by the statute, although the cases of the lower courts are not in agreement on the subject. In the instant case, however, the notice was given. The justice of the peace substantially complied with the law in every respect to give him jurisdiction over defendant. Of course, if the justice of the peace had no jurisdiction, the court of quarter sessions would have none on appeal, and the question of jurisdiction could be raised at the trial in the court of quarter sessions: Township of Moreland v. Gordner, 109 Pa. 116, 117; Birkhead v. Ward, 35 Pa. Superior Ct. 235, 239, 241; Shafer v. Cascio et al., 288 Pa. 56, 69.

We are of opinion, notwithstanding this is not an appeal from a judgment of the justice of the peace, but is a case wherein defendant waived hearing before the justice of the peace, the conduct of defendant, in entering bail befor the justice of the peace when he was first taken before the justice for hearing at a subsequent time, and voluntarily appearing at said subsequent time and waiving hearing, waived all procedural irregularities which did not go to the jurisdiction of the justice of the peace: See Commonwealth v. Hunter, 107 Pa. Superior Ct. 513; Steward v. Renner, 37 Pa. Superior Ct. 411; Swain v. Brady, 19 Pa. Superior Ct. 459; Gibson v. Haworth, 47 Pa. Superior Ct. 618; Commonwealth v. Hooper, 55 Pa. Superior Ct. 518, 520.

Being of opinion therefore that defendant's motion to quash the proceedings must be denied, we proceed to dispose of the case upon its merits.

The evidence in the case satisfies the court beyond a reasonable doubt and the court finds that defendant, David Lafy, did on November 28, 1938, in the Township of Ulster, Bradford County, Pa., operate a pneumatic-tired automobile upon the highways of this Common-wealth at a rate of speed greater than 50 miles per hour in violation of section 1002(*b*) of The Vehicle Code as amended, supra, and defendant is sentenced to pay the costs of prosecution and a fine of $10.