Coös,  ⎱
Oct. 1, 1901. ⎰

## STAHL v. BOSTON & MAINE RAILROAD.

An unconditional refusal by the agent of a railroad company to deliver
freight to the owner and consignee unless demurrage charges upon other
cars shall be paid, followed before action is brought by an offer to deliver
in compliance with instructions from his superior, is not sufficient evidence
of a conversion.

TROVER, for a carload of wood. The wood was transported by
the defendants from Randolph to Berlin for the plaintiff, who
demanded it after having paid the transportation charges. The
defendants' freight agent at Berlin absolutely and unconditionally
refused to deliver it, claiming to hold it for demurrage charges
upon other cars of wood previously transported for the plaintiff.
The refusal was occasioned by the agent's understanding of the
defendants' rights, and not by reason of instructions from the de-
fendants. The agent immediately wrote to his superior officer for
instructions in regard to the matter; and subsequently, before this
action was begun but after the plaintiff had placed the matter in
the hands of an attorney, the agent notified the plaintiff that the
defendants had decided to deliver the wood. The plaintiff refused
to accept it, giving as the reason that the offer came too late, as
he had placed the matter in an attorney's hands. It did not
appear that the wood had depreciated in value, nor that there was
on the part of the agent, after his refusal to comply with the plain-
tiff's demand, any unreasonable delay in obtaining instructions
from the defendants and giving notice thereof to the plaintiff.
Judgment was ordered for the defendants, subject to the plaintiff's
exception.

*Harry G. Noyes*, for the plaintiff.

*Drew, Jordan & Buckley*, for the defendants.

CHASE, J. The plaintiff relies upon the absolute and uncon-
ditional character of the agent's refusal, to distinguish this case
from *Hett* v. *Railroad*, 69 N. H. 139, in which the agent's refusal
was coupled with a declaration of want of authority to deliver the
property without payment of the extra charge demanded, and an
offer to deliver it upon such payment, subject to the condition
that the money should be refunded if his principal so decided, or
upon a promise of payment if the principal insisted upon it.

In the earliest case on the subject in this state, the refusal to comply with the demand seems to have been absolute and without an accompanying statement of reasons. The facts showed that the defendant was in a situation in which he might reasonably doubt what was proper to be done in answer to the demand. The court said: "We think that the refusal by the defendant to deliver him [the horse demanded] must be considered as the result of a reasonable hesitation in a doubtful matter, and that it cannot, under the circumstances, be adjudged sufficient evidence to show a conversion." *Robinson* v. *Burleigh,* 5 N. H. 225, 228. In a later case, the defendants replied to a demand that they should not deliver up the property at present, and that they bought it of a person named, supposing it to be his. The plaintiff brought his action seven days later. The court, after stating the substance of the decision in *Robinson* v. *Burleigh,* say that "all the defendants could require was time to examine into the right of the plaintiffs; and ample time appears to have been given for such examination before this action was commenced. It was not necessary for the plaintiffs to make another demand. They were only bound to wait a reasonable time before commencing their suit, to give the defendants an opportunity to inquire and comply; and the plaintiffs having done this, the demand and refusal, and subsequent neglect, are sufficient evidence of a conversion." *Sargent* v. *Gile,* 8 N. H. 325, 331. In *Hett* v. *Railroad,* the rule is stated in these terms: "If there is a reasonable doubt of the demandant's right to the possession of the property, a refusal to deliver it until a reasonable opportunity is had to ascertain his right is not sufficient evidence of a conversion. In such a case the law does not require one to act on the instant, and either comply with or deny the demand at his peril." It will be noticed that the time when the refusal becomes a conversion in law does not depend upon a declaration of the doubt and of a purpose to investigate the question, but upon the existence of the doubt. A declaration of the doubt would naturally cause the demandant to delay the bringing of an action and so avoid the incurrence of useless expense, although it did not have that effect in *Hett* v. *Railroad.* This seems to be the only practical benefit the demandant could receive from the declaration.

In this case, the plaintiff delayed bringing the action until after the agent had consulted his employers and, in compliance with their instructions, had offered to deliver the wood. It does not appear that there was any unreasonable delay in obtaining the instructions and giving the plaintiff notice of them. At the time the action was brought the plaintiff knew that although the refusal was in form absolute and unconditional, it was in fact provisional. He

must have understood that the agent entertained doubts concerning the plaintiff's right to the possession of the wood, for his conduct in seeking instructions from his principal could not be reasonably accounted for in any other way. Upon the facts of the case it could not be found that these doubts were not reasonable, any more than the corresponding question could be found against the defendants in *Hett* v. *Railroad.* The agent was in a situation in which he might reasonably doubt what was proper to be done in answer to the demand. *Robinson* v. *Burleigh, supra.* As in the cases cited, so in this,— the agent's refusal to deliver the property was not, under the circumstances, sufficient evidence of a conversion.

*Exception overruled.*

WALKER and REMICK, JJ., did not sit: the others concurred.