## BERTHA MEINHARDT *vs.* ANNIE V. MEINHARDT.

*Beneficial or fraternal orders : persons to whom benefits payable ; parties named who are not entitled; beneficiary named as wife who is not lawful wife.*

The fact that a beneficial society has received dues from a member does not estop it from denying the right of the beneficiary named in the certificate to receive payment; nor is it a waiver of the society's rights, when it had no knowledge until the death of the member, that the beneficiary so named was not of a class entitled under the rules of the order to receive the benefits.                              p. 430

The beneficiary named in the certificate of a beneficial society as the wife of the member was not in fact his wife; after the decease of the member the amount named in the certificate was claimed by his lawful wife. The society paid the money into court and filed a bill of interpleader against the claimants. *Held,* that this did not constitute any waiver by the society or estoppel against its right to object to the payment to one not entitled.                              p. 434

Article 23, section 210 of the Code of Public General Laws, regulating fraternal and beneficial orders and declaring that payment may be "made to the classes of persons there named and to *no other,"* can not be set aside by any act of such a society; the members, those claiming under them, and the society itself, are bound by the statute.        p. 431

But if a society is simply an insurance company, with mutual or co-operative features, and not a fraternal order, then this section does not apply, and beneficiaries are not limited to persons or classes there named.        p. 432

Where the certificate of a beneficial society was made payable to one as the wife of the member who was not his lawful wife, the use of the words *"his wife"* after the name does not affect the claim of the lawful wife.        p. 434

Where the society is a beneficial society within the meaning and provisions of Article 24, section 210 of the Code, the lawful wife would, in such a case, be entitled to her share of the fund.        p. 434

In case the designation of a beneficiary named in the certificate of such a society proves for any reason to be invalid or ineffectual, the fund does not revert to the society, but goes to the person or persons entitled to take under the provisions of the statute and under the by-laws of the society.        p. 433

*Decided February 2nd, 1912.*

Appeal from the Circuit Court of Baltimore City (DAW-KINS, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON, URNER and STOCK-BRIDGE, JJ.

*George Washington Williams* (with whom was *John H. Richardson* on the brief), for the appellant.

*William Colton* and *Daniel F. Reisenweber* submitted a brief for the appellee.

BOYD, C. J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court of Baltimore City, which determined that the appellee was entitled to a fund which had been paid into Court by the American Mutual Benefit Society of Baltimore under a bill of interpleader. The evidence shows that the appellee was married to Frederick Meinhardt in 1888, but they separated a few years afterwards and did not live together again, although they were never divorced; that the appellant and Frederick Meinhardt lived together as man and wife for over ten years prior to his death, which occurred in December, 1909.

While the latter were so living together, to wit, on May 28th, 1907, a certificate of membership was issued by the American Benefit Society of Baltimore City to Frederick Meinhardt by which he was entitled to receive from the Benefit fund a sum not exceeding two hundred and fifty dollars, and the certificate states that "the benefits herein provided will be paid to Bertha Meinhardt, wife, after the proper proofs of death." That society became incorporated in 1909, and after the death of Mr. Meinhardt it filed a bill of interpleader against the appellant and the appellee, both of whom are claiming the fund, which finally resulted in the above mentioned decree being passed. The appellee contends that the certificate was subject to the provision in what is section 210 of Article 23 of the Code of 1904, which is as follows: "Payments of death benefits may be made only to the widow, children, grandchildren, mother, father, brother, sister, grandparent, aunt, uncle, niece, nephew, first cousin, next of kin who would be distributees of the member's personal estate if he died intestate, to an affianced husband or affianced wife of the member, or to persons dependent upon the member for food, lodging, clothing or education, and to none other." The record is by no means satisfactory, as it is difficult, if not impossible, to determine from it the precise character of business done by the American Mutual Benefit Society. Section 210 of Article 23 of

the Code of 1904 also says: "A fraternal beneficiary associa-
tion is hereby declared to be a corporation, society or volun-
tary association, formed or organized and carried on for the
sole benefit of its members and their beneficiaries, and not
for profit. Each·such association shall have a lodge system,
with ritualistic form of work and a representative form of
government, and shall make provision only for the payment
of benefits in case of sickness, disability or death of its mem-
bers, subject to their compliance with its constitution and
laws."

There is nothing in the record to show whether the society
had a lodge system, with ritualistic form of work, and the
evidence was very meagre as to its form of government. No
reference whatever is made in the charter to the provisions
of the Code applicable to Fraternal Beneficiary Societies,
and there are those in it which rather indicate that it was
intended to organize a corporation exclusively on what is
known as the mutual or co-operative plan. It is true that
Mr. Pardee testified that he was "Actuary for the society,
and general manager of the fraternal branch," but whether
or not the society was authorized by law to conduct such
business is left in uncertainty by the record. It may be
that it actually was, and hence we will not decide that ques-
tion on this record, which we deem too uncertain to justify
us in passing on it, as our determination might injuriously
affect the society and members of it who are not before us.

We have concluded that we must remand this cause with-
out affirming or reversing the decree, and we will state the
conclusions reached by us on such points as we feel justified
in determining on this record, as directed by section 38 of
Article 5 of the Code. If it be shown that the society is sub-
ject to the provisions of the Code in reference to Fraternal
and Beneficiary Societies (sections 210, etc., of Article 23),
then in our judgment the appellant is not entitled to this
fund. She was confessedly not the wife of Frederick Mein-
hardt and was not related to or dependent upon him, as pro-
vided by section 210, and the language of that section that
"Payments of death benefits may be made *only* to the widow,

children * * * *and to none other,"* can not be disregarded.
The appellant cited 29 *Cyc.* 105, where it is said that "even
where by statute, by the common law, or by the charter or
laws of the society restrictions are placed on the right to
designate beneficiaries, it is generally held that no one but
the society can question the eligibility of the person desig-
nated, and that its right to object may be lost by estoppel or
waiver." It can not be said in this case that the society
could be estopped or that it waived this provision by receiv-
ing the dues from this member, for it is thoroughly estab-
lished by the evidence that it did not know until after the
death of the member that the appellant was not his lawful
wife. There are cases which hold that by requiring claim-
ants to interplead and pay the money into Court, the associa-
tion waives the ineligibility of the beneficiary designated by
the member, *Aurora Lodge* v. *Watson,* 64 N. H. 517, *Su-
preme Council* v. *Bennett,* 47 N. J. Eq. 39; *Taylor* v. *Hair,*
112 Fed. 913; but this society is not questioning the right
of the appellant to the money, and although the bill for inter-
pleader is not in the record we assume that such statements
were made in it as are ordinarily required to enable the
Court to pass a decree of interpleader. But the question
here is whether such a statute as we have, which positively
prohibits the payment of death benefits to anyone other
than to one or more of the classes named, can be set aside
by the action of the society. It is said in 29 *Cyc.* 108, that,
"Where the classes of persons to whom benefits may be paid
are prescribed by statute or by the society's charter of incor-
poration, neither the society, nor a member, nor the two com-
bined, can divert the fund from the classes prescribed." We
deem that to be a correct rule and we are not willing to
admit that the mere act of the society in filing a bill of inter-
pleader can have the effect of doing what it and the bene-
ficiaries together could not do. It may have been proper
for the society to ask that the parties be required to inter-
plead, as each of the two parties was claiming the fund—
one being described in the certificate as the wife of the
member, and the other contending she was his lawful wife—

but whether the facts set out in the bill and the answer did justify the Court in passing such a decree is not before us, and we do not even have the means of knowing what those facts or allegations were, as neither the bill, the answer nor the decree are in the record.

An examination of the cases cited in the note to 29 *Cyc.* 105, above quoted, will show that there was no statute such as ours involved in any of those decisions. There are undoubtedly cases which hold that in the absence of a statute prohibiting payment to beneficiaries other than those named in the statute an association may under some circumstances be estopped from denying its liability, or it may waive a by-law or rule of its own creation, although there are other decisions to the contrary, but when the statute under which it is created and by which it is governed expressly declares that payments can only be made to certain designated classes and *"to none other,"* it cannot be set aside by acts of the society, on the ground of estoppel or waiver, and the society, its members and those claiming under such members are subject to the terms of the statute. In *Britton* v. *Royal Arcanum,* 46 N. J. Eq. 102 (affirmed in 47 N. J. Eq. 325), Vice Chancellor Van Fleet in denying the right to recover to a beneficiary named in the certificate, but not one authorized by the statute, said: "Its promise would not only be *ultra vires,* but in direct contravention of the purposes of the statute from which it derived both its corporate existence and powers." See also, *Am. Legion of Honor* v. *Smith,* 45 N. J. Eq. 466; *Am. Legion of Honor* v. *Perry,* 140 Mass. 580; *Briggs* v. *Earl,* 139 Mass. 433; *Nat. Mut. Aid Ass'n* v. *Gonser,* 43 Ohio St. 1; *Groth* v. *Central Verein G. U. G. Germania,* 95 Wis. 140; *Ky. Mut. Life Ins. Co.* v. *Miller's Administration,* 76 Ky. (13 Bush), 489; *Wagner* v. *Benefit Society,* 70 Mo. Ap. 161, and cases there cited.

In *Coulson* v. *Flynn,* 181 N. Y. 62; 73 N. E. 507, which is much relied on by the appellant, the statute applicable expressly authorized the society to pay to others than relatives and dependents, and the Court held that the society

could waive a by-law limiting the beneficiaries to those classes, and in such cases as *Schoales* v. *Order of Sparta,* 206 Pa. St. 11; 55 Atl. 766; *Tepper* v. *Supreme Council of Royal Arcanum,* 61 N. J. Eq. 638, 47 Atl. 460, it is strongly implied, if not expressly decided, that only those who are within the meaning of the statutes can be admitted as beneficiaries. So in *Woodmen of the World* v. *Rutledge,* 133 Cal. 640, and *Prudential Ins. Co.* v. *Morris,* 70 Atl. 924, there were no statutes involved, and in the latter case there was apparently an ordinary life insurance policy before the Court. Indeed we have found no case decided by a Court of last resort where it has been held that the express provisions of a statute, such as ours, can be set aside by estoppel or waiver, although in many of them the statutes were interpreted liberally in determining who could be beneficiaries under the statutes.

Our conclusion, therefore, is that if this society is a fraternal beneficiary society as defined by our statute and this certificate was issued under that plan, the appellant is not entitled to the fund in controversy. If, however, it is shown that it is not such a society, but is simply an insurance company on the mutual or co-operative plan, then as section 210 of Article 23 is not applicable she is entitled to recover the fund, as we know of no legal reason why such insurance could not have been taken out for her benefit. But the record is not sufficient to enable us to now determine which it was.

This brings us to the consideration of peculiar and unusual conditions. If it be satisfactorily shown, after the case is remanded, that the society is subject to the provisions of section 210, etc., of Article 23, then the appellant not only has no standing in Court to claim the fund, but she is in no position to contest the disposition of it. No provision is made in the society's laws which appear in the record for the disposition of the fund, if the beneficiary named in the certificate be ineligible. It may be that the executive board has adopted some by-law, rule or regulation under Law XXIV., which says: "The executive board may adopt any

by-laws, rules and regulations not in conflict with the laws of this society," but if it has adopted one which applies to such conditions as we have before us, we are not so informed by the record. Surely most associations of this kind have rules covering such cases. In *Dale* v. *Brumbly*, 96 Md. 674, the constitution of the Supreme Conclave, Improved Order of Heptasophs was before the Court and it provided that if any designation of beneficiaries should fail for illegality or otherwise, the amount of the benefit certificates should be paid to those to whom distribution would be made of the personal estate of the member in case of intestacy, and that certificate having been assigned to a creditor we held that the association had no power under its constitution or the Act of 1894, Chapter 295, to pay the fund to a creditor. The decree directing the fund to be paid to the wife and children of the assured was accordingly affirmed.

It is said in 29 *Cyc.* 156, that "In case the designation of a beneficiary proves for any reason to be invalid or ineffectual, the fund does not as a rule revert to the society; but it goes to such person or persons as are eligible to take the benefits in the manner prescribed by statute or by the laws of the society or the certificate of insurance," and in giving illustrations of when that rule applies, it mentions amongst others "where the person designated as beneficiary was at the time of his designation ineligible as such." If the by-laws or some rule of the society had named the order in which those who can be beneficiaries shall be paid, if the designation in the certificate of a beneficiary proves to be invalid or ineffectual, there could be no difficulty in determining who is entitled to this fund, but if there is no such by-law or rule, then the only way it can be disposed of in this proceeding is to award the fund to the appellee. The society by its bill of interpleader in effect said that one of these two claimants is entitled to the fund, and asked permission to pay it into Court with the understanding that whichever was determined by the Court to be entitled to it should have it. If the society is subject to section 210 the

appellant is not entitled to any of it, but the appellee is entitled to at least part of it, and if any of the other parties named in section 210 have any interest in it they can assert their claim against the appellee. So far as we are informed, no other persons have claimed any part of it.

.We would also add that in our judgment the mere fact that the word "wife" was used after the appellant's name in the certificate cannot have any effect in favor of the appellee, in considering her claim. That term was undoubtedly used as a description of Bertha Meinhardt, and the evidence shows that she and not the appellee was the one intended, but inasmuch as she is ineligible as a beneficiary, if the society is subject to section 210 of Article 23, she cannot recover the fund, but as the society paid the money into Court to be paid to the appellant or the appellee, as the Court might determine, and as the appellee is entitled to at least some part of the fund, the only solution of the peculiar conditions which occurs to us is that in the absence of some by-law or rule of the society, the fund should be awarded to her.

We regret that we can not finally dispose of the case but for the reasons we have already stated that can not be properly done on this record. The amount involved is small, but the questions are important. We will remand the cause without affirming or reversing the decree, under section 38 of Article 5 of the Code, in order that further testimony may be taken relevant to the questions, (1) whether the society is subject to sections 210, etc., of Article 23, (2) if it is so found, whether there is any by-laws, rule or resolution of the society in force, determining the order in which the beneficiaries named in section 210 shall take, on failure of a member to designate one who is eligible, and (3) such further testimony as to the lower Court may seem necessary or proper, in order to follow the conclusions reached by us as shown by this opinion. Of course, after such additional evidence is supplied by testimony or agreement, the lower

Court will pass such decree as the facts and this opinion require.

> *Cause remanded for further proceedings in accordance with this opinion, without affirming or reversing the decree— the costs to abide the final result.*