# LENA K. DITTMAIER

*vs.*

## SUPREME CONCLAVE OF THE IMPROVED ORDER HEPTASOPHS.

*Fraternal Society—Death Benefits—Effect of Divorce.*

Since Code 1904, Art. 23, Sec. 210, as amended by Act 1912, Ch. 824, Sec. 6A, and Act 1916, Ch. 343 (Code, Vol. 4, Art. 23, Sec. 234), provides that the payment of death benefits by a fraternal beneficial association shall be confined to wife, husband, persons in certain other relations to the member, and to persons dependent on him, one who, though named as beneficiary in the certificate issued by such an association, as being the wife of a member at the time of its issue, was not his wife at the time of his death, by reason of a divorce *a vinculo,* and who made no claim as being dependent on him, is not entitled to any such benefits.

*Decided December 9th, 1919.*

Appeal from the Superior Court of Baltimore City (DAWKINS, J.).

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and ADKINS, JJ.

*Niles, Wolff, Barton & Morrow* and *George S. Yost,* for the appellant.

*Albert C. Tolson* and *John C. Tolson,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

The declaration in this case alleged that by a benefit certificate, dated at Baltimore, Maryland, March 24th, 1903, "issued to John Argus, a member of Jacques Cartier Conclave No. 810, Improved Order Heptasophs, said Supreme Conclave of the Improved Order Heptasophs promised to pay to his wife, Lena Argus, now Lena K. Dittmaier, the plaintiff, within sixty days from the receipt of satisfactory proof of death of said John Argus the sum of $1,000.00"; that said John Argus died and that notice of his death was given to the defendant by a letter February 7th, 1917, and the defendant was requested to send to the plaintiff such forms for the proof of death as it required, but that it refused to send said forms, and upon demand made upon it to pay plaintiff the said sum of $1,000.00 the defendant refused to pay the same.

The defendant pleaded "never indebted" and "never promised as alleged," and for a third plea alleged that the said John Argus, by reason of his failure to pay a certain monthly payment, was, under the constitution and laws of the defendant, suspended from the defendant society on the first of June, 1914, and was never thereafter reinstated, and that by reason of said suspension the defendant's liability under said certificate ceased.

For a fourth plea the defendant alleged that prior to the suspension of John Argus in June, 1914, there "had been a decree of divorcement between the said John Argus and the said Lena K. Dittmaier," and that by reason of said decree the plaintiff was no longer the wife of John Argus, "and therefore was not a permissible designated beneficiary, said designation having been cancelled *ipso facto* upon the signing of said decree," and that therefore the plaintiff could not recover under the Constitution and laws of the defendant, "her relationship of wife of said John Argus having been annulled by said decree."

The plaintiff joined issue on the first and second pleas, replied to the third plea and demurred to the fourth plea. The Court below having overruled the demurrer to the fourth plea, the plaintiff declined to reply thereto, and this appeal is from the judgment in favor of the defendant for costs.

The record, in addition to the pleadings, contains the following agreement of counsel:

"It is agreed that the Charter, Constitution and By-Laws of the defendant (owing to their length) shall not be inserted in the record; and it is further agreed that they contain the following provisions: (1) that the same persons and relations are mentioned therein to receive benefits as are listed in Bagby's Code, Vol. 4, Art. 23, Sec. 234; (2) that a member may change his beneficiary, at any time, by surrendering his old certificate or making oath that it is lost or beyond his control, and designating another beneficiary within the above list; (3) that upon the death of a member, in case the beneficiary designated cannot take for illegality or the dependency required shall have ceased, the benefits shall then be paid to the member's next of kin; (4) that the defendant is a fraternal beneficiary association, as defined by Section 229, Article 23, Volume 3, Bagby's Code, and is a Maryland corporation.

"It is further agreed that no mention is made in the By-Laws as to the necessity of the existence of any relationship between the member and beneficiary at the time of the death of the member, except where the beneficiary claims to be entitled because of dependency upon the member, as to which class of beneficiaries the By-Laws specifically provide that the dependency must exist at the time of the member's death."

It is apparent from the pleadings in the case that the only question presented by this appeal is whether the decree relied on in the fourth plea rendered the certificate, or the designation of the plaintiff as the beneficiary void, and as the above agreement states that the defendant is a Maryland corporation, incorporated under the provisions of the Code relating

to fraternal beneficiary societies, and that the persons named in its charter, constitution and by-laws to receive benefits are those mentioned in Vol. 4, Art. 23, Sec. 234 of the Code, that question must be determined in accordance with the provisions of our statutes.

At the time the certificate was issued in 1903, Section 210 of Article 23 of the Code of 1904, which was the Act of 1894, Ch. 295, was in force, and it remained in force until amended by the Act of 1912, Ch. 824, Sec. 6-A of which was as follows:

"Sec. 6A. (*Beneficiaries*) Death benefits shall be payable only to the wife, husband, relative by blood, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member, provided, that if after the issuance of the original certificate the member shall become dependent upon an incorporated charitable institution, he shall have the privilege, with the consent of the association to make such institution his beneficiary. Within the above restrictions each member shall have the right to designate his beneficiary and, from time to time, have the same changed in accordance with the laws, rules or regulations of the association, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member; provided, that any association may, by its laws, limit the scope of beneficiaries within the above classes."

Section 6-A was amended by the Act of 1916, Ch. 343, and, as amended, is found in Sec. 234, Art. 23 of Vol. 4 of the Code, and provides as follows:

"The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to person or persons dependent upon the member," etc.

It is to be observed that neither Section 6-A of the Act of 1912, nor Sec. 234 of Art. 23 of Vol. 4 of the Code provides in terms who may or shall be designated as beneficiary in a certificate, but they (as did the Act of 1894) expressly deal with the persons to whom *payment* of death benefits must be *confined.*

In the case of *Dale* v. *Brumbly,* 96 Md. 674, the Supreme Conclave Improved Order of Heptasophs issued to William Brumbly a certificate for $1,000.00 payable to his four children. That certificate was surrendered and another issued for $3,000.00 payable to the four children mentioned in the first certificate "and all his surviving children." The last named certificate was later surrendered and another issued for $3,000.00 payable to "his estate," and this certificate was, about a year later, assigned to a certain Peter Dale "as collateral security." Peter Dale having died, William Brumbly executed on the certificate a formal assignment under seal of all his right, title and interest therein to the administrators of Peter Dale. After stating that the constitution and laws of the order provided who could be designated as beneficiaries, and that the Act of 1894, Ch. 295, provided that the benefit was not assignable except to those named in the Act (which did not include creditors), the Court said: "The association would have no *power* then under its constitution or the laws of this State to *pay* the fund to a creditor of the deceased."

In the case of *Meinhardt* v. *Meinhardt,* 117 Md. 426, the *appellee* was married to Frederick Meinhardt in 1888. They separated a few years later and never lived together again, but they were never divorced. The *appellant* and Frederick Meinhardt lived together as man and wife for ten years prior to his death in 1909. While they were living together in May, 1907, a certificate of membership was issued to him by the American Benefit Society of Baltimore City, which stated that "the benefits herein provided will be paid to Bertha Meinhardt (the appellant), wife, after the proper proofs of

death." The society filed a bill of interpleader against the appellant and appellee, both of whom claimed the fund. The appellee claimed that the certificate was subject to Section 210 of Article 23 of the Code of 1904, which provided as follows: "Payment of death benefits may be made only to the widow, children, grandchildren, mother, father, brother, sister, grandparent, aunt, uncle, niece, nephew, first cousin, next of kin who would be distributees of the member's personal estate if he died intestate, an affianced husband or affianced wife of the member, or to persons dependent upon the member for board, lodging, clothing and education, and none other." On the record in that case the Court could not determine whether the society was one within the provisions of Section 210 of the Code, so the case was remanded without affirming or reversing the decree. But in remanding the case this Court, speaking through CHIEF JUDGE BOYD, said: "If it be shown that the society is subject to the provisions of the Code in reference to Fraternal and Beneficiary Societies (Section 210, etc., of Article 23), then in our judgment the appellant is not entitled to this fund. She was confessedly not the wife of Frederick Meinhardt and was not related to or dependent upon him, as provided by Section 210, and the language of that Section that 'Payments of death benefits may be made *only* to the widow, children, * * * *and to none other,*' cannot be disregarded." In answer to the contention that the right of the society to question the eligibility of the person designated might be lost by estoppel or waiver, the Court said further; "the question here is whether such a statute as we have here, which positively prohibits the payment of death benefits to any one other than one or more of the classes named, can be set aside by the action of the society. It is said in 29 *Cyc.* 108, that 'Where the classes of persons to whom benefits may be paid are prescribed by statute or by the society's charter of incorporation, neither the society, nor a member, nor the two combined, can divert

the fund from the classes prescribed.' We deem that to be the correct rule."

These cases dispose of the one at bar. It is true that in this case, the plaintiff was the wife of John Argus at the time the certificate was *issued*, but that does not bring her within the terms of the statute, or take the case out of the rule adopted in the cases mentioned. Sec. 234 of Art. 23 of Vol. 4 of the Code expressly confines *payment* of death benefits "to wife, husband, etc.," and what those cases decided is that under such a statute payment of death benefits can only be made to one or more of the classes therein named. After the decree of divorcement the plaintiff was no longer the wife of John Argus, and she does not assert her claim on the ground that she was dependent upon him at the time of his death, and under the statute the defendant would have no power to pay her the death benefits sued for.

We have treated the decree referred to, as have counsel in their briefs in this Court, as a decree granting a "divorce *a vinculo matrimonii*," and we must hold that the effect of that decree was to terminate the plaintiff's rights under said certificate as the wife of John Argus.

The view we have expressed is in accord with the decisions in other States. It is said in 29 *Cyc.* 106-7 : "Where a person's eligibility as a beneficiary depends upon his sustaining a particular relation to the member, his eligibility is generally determinable as of the time of the member's death." See also *Green* v. *Green*, 147 Ky. 608 ; *Griffin* v. *Grand Lodge*, 99 Neb. 589 ; *Dahlin* v. *Modern Maccabees*, 151 Mich. 644 ; *Kirkpatrick* v. *Modern Woodmen*, 103 Ill. App, 468 ; *Tyler* v. *Odd Fellows Mutual Relief Assn.*, 145 Mass 134.

In view of the provisions of the statute in this State, the cases cited and relied on by the appellant can hardly be said to support a different view. In the case of *Overhiser* v. *Overhiser*, 14 Colo. App 1, 59 Pac. 75, the Court said : "In others, the statute laws of the jurisdiction under which they are organized or operate, regulate the distribution of the fund

or impose restrictions upon the society in respect thereto. This is not the case here. The only requirement in this case and that by the laws of the association, is that no certificate shall issue unless the beneficiary be named, and that such beneficiary be within one of the certain classes. It will be seen at a glance that there is a wide distinction between a requirement that a certificate shall issue to only one of a certain class of persons, and one that payment can be made only to a certain class." In the case of *White* v. *Brotherhood of American Yeoman,* 124 Iowa, 293, 66 L. R. A. 164, the statute provided that no benefit certificate should be issued unless the beneficiary "shall be the husband, wife," etc. The Court said that the wife was one of the class of persons designated by the statute, and that the statute provided only for the relationship that "shall exist when the certificate issued, and does not in words, or by fair implication, limit payment to those only who occupy such relation at the time of death." In *Brown* v. *A. O. U. W.,* 208 Pa. St. 101, 57 Atl. 176, the by-laws of the order provided for several classes of persons to whom benefit certificates should be *issued,* and there was no statute involved, and the Court distinctly recognized the distinction between such a provision and one providing that the recipient of the benefit should belong to one of the classes.

*Judgment affirmed, with costs.*