## CHAPMAN *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, INC.

[No. 77, September Term, 1957.]

88

*Decided December 17, 1957.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Jack Pinkston,* for appellant.

*Howard H. Conaway* and *Lawrence F. Rodowsky,* with whom were *Frank, Bernstein, Gutberlet & Conaway* and *John D. Bowman, Jr.,* on the brief, for appellee.

PRESCOTT, J., delivered the opinion of the Court.

This is an appeal from a judgment of the trial court in Montgomery County, which granted a motion for a directed verdict in favor of the appellee.

The appellant's husband, to whom she had been married since 1941, was insured by a policy of life insurance issued by the appellee company. The policy was obtained on April 12, 1954, and the appellant was originally named as beneficiary thereunder. The right and power to change, from time to time, the beneficiary named therein was reserved in unequivocal terms. The husband paid the premiums thereon, with the exception of $18.00 paid by the wife after his death. On August 29, 1955, without the knowledge of the appellant, the appellee accepted an application from the husband for a change of beneficiary from the appellant to a person designated as "Marion K. Mellott fiance." On November 28, 1956, the insured was killed as the result of a tractor overturning upon him. After the husband's decease, an agent of the appellee informed the appellant that the beneficiary named in the policy had been changed, and collected from her (the appellant) $18.00 that the agent had advanced out of his own funds to make two payments on the premiums. She claimed that this payment by her was induced by the representation of the agent that the appellee company would never honor a change of beneficiary from a wife to a "girl friend" of the husband. The appellant, as beneficiary under the

policy, brought suit at law against the appellee, and, after the trial court directed a verdict in favor of the appellee, has appealed.

There can be no doubt that the trial court was correct in directing a verdict in the appellee's favor. A clause in the policy of insurance reads:

> "The Beneficiary under this Policy may be changed from time to time, upon proper written request, provided such a request is submitted to the Home Office together with this Policy for endorsement, but such change shall become operative only if this Policy is endorsed by the Company. After such endorsement has been made, the change shall take effect and any interest of any previous Beneficiary shall cease as of the date of such written request whether or not the Insured is living at the time of such endorsement. Any change of Beneficiary shall be subject to the rights of any assignee of record at the Home Office."

The evidence disclosed that, after full compliance with the above requirements, a change in beneficiary from the appellant was duly made. Where the right by the insured to change the beneficiary named in a life insurance policy is reserved, the beneficiary has no vested or indefeasible interest under the policy during the lifetime of the insured, but only a revocable expectancy contingent upon being the beneficiary at the time of the insured's death. *Rosman v. Tr. Ins. Co. of Hartford,* 127 Md. 689, 693, 96 A. 875; *Bullen v. Safe Dep. & Tr. Co.,* 177 Md. 271, 277, 9 A. 2d 581; *Blair v. Baker,* 196 Md. 242, 248, 76 A. 2d 129; 2 *Couch, Cyc. of Insurance Law,* sec. 308, p. 825. Neither notice to, nor the consent of, the beneficiary is necessary in order to effectuate a valid change of beneficiary, when the power to change beneficiaries has been reserved in the policy. *Couch, op. cit.* The evidence, therefore, disclosed a valid and effectual exercise of such power reserved in the insurance policy, and the trial court was correct in ruling to that effect.

But the appellant argues that to permit such a ruling to

stand will violate the public policy of this State, and "encourage philandering, adultery and sundry other sins against civilized society and Christian teachings." The argument is based solely upon the manner in which the new beneficiary was designated, namely, "Marion K. Mellott fiance." The record, otherwise, is completely silent with reference to any relationship that may, or may not, have existed between the deceased and Marion K. Mellott. In fact, it fails to show affirmatively that he knew, or ever had known, her. The only reference in the testimony to the new beneficiary was that the appellant knew Miss Marion K. Mellott, who was a nurse at the "D. C. General" hospital, an institution in which it was not shown that the deceased was ever a patient. The record is totally devoid of any attempt to show that here was any wrong-doing by Miss Mellott; it even fails to show that she had ever met him, knew that she had been named beneficiary, or did anything to induce the insured to change the beneficiary under the policy. While we are not so naive as to believe that the insured did not know the new beneficiary, we are not called upon to presume that an illicit relationship existed between them, *Brewer v. Bowersox,* 92 Md. 567, 574-575, 48 A. 1060, if such a fact would be material in this case. *Meinhardt v. Meinhardt,* 117 Md. 426, 432, 83 A. 715; 1 *Richards, Law of Insurance,* sec. 107, p. 417.

From a practical point of view, the record is so barren of facts that this contention of the appellant, in reality, is simply whether there is any principle of public policy in this State that prevents a married man from designating any woman, other than his wife or perhaps a relative, as the beneficiary under an insurance policy upon his life, taken out by him. We know of no such principle, and have been referred to none. As late as 1956, the legislature enacted section 170A of Article 48A, (Code 1957 Supp.), wherein it is stated: "Any individual of competent legal capacity may procure or effect an insurance contract upon his own life or body for the benefit of any person." We, therefore, conclude that the insured had the legal right to designate Marion K. Mellott as the new beneficiary under the policy, if he so desired.

The appellant further contends that the appellee was es-

topped to deny that she was not still the lawful beneficiary under the policy, because the appellee's agent, after her husband's death, told her about the change of beneficiary, and then said that if the premiums were paid up, there was no "question about it, his company would not honor a change of beneficiary from a widow to a girl friend"; whereupon, she paid him $18.00 that he had advanced for two payments of the premiums. We do not consider it necessary, under the facts of this case, to discuss at any great length the doctrine of estoppel, or the failure by the appellant in her other evidence to establish the authority of the appellee's agent, by his conduct, to estop the appellee; because the policy, offered in evidence by the appellant, contained the following provision:

> "No agent has power on behalf of the company to make or modify this contract, to extend the time for paying a premium, to waive any forfeiture, or to bind the company by making any promise or representation or by giving or receiving any information."

As a former beneficiary under this policy, the appellant was chargeable with notice of the aforegoing. *Crook v. N. Y. Life Ins. Co.,* 112 Md. 268, 277, 75 A. 388; *Burns v. Prudential Ins. Co.,* 162 Md. 228, 234, 159 A. 606. It is, therefore, obvious that by the express limitations and restrictions of the policy the appellee's agent, referred to in the evidence, had no authority to bind the appellee by making any promise or representation that it would not honor a change of beneficiaries.

*Judgment affirmed, with costs.*